IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JANSSEN PHARMACEUTICALS, INC. and JANSSEN PHARMACEUTICA NV, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | C.A. No. _____ |
| SANDOZ INC., | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Janssen Pharmaceuticals, Inc. ("JPI") and Janssen Pharmaceutica NV ("JPNV"), (collectively "Plaintiffs" or "Janssen"), for their Complaint against Defendant Sandoz Inc. ("Sandoz"), hereby allege as follows:

## NATURE OF THE ACTION

1.       This is a civil action for infringement of United States Patent No. 10,869,844 (the "'844 Patent"), United States Patent No. 11,173,134 (the "'134 Patent"), United States Patent No. 11,311,500 (the "'500 Patent"), and United States Patent No. 11,446,260 (the "'260 Patent").

2.       This action relates to the submission of Abbreviated New Drug Application ("ANDA") No. 215418 by Sandoz to the United States Food and Drug Administration ("FDA") seeking approval to market a generic version of JPI's Spravato® brand products prior to the latest of the expiration dates of the '844, '134, '500, and '260 Patents.

**THE PARTIES**

3.      JPI is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 1125 Trenton-Harbourton Road, Titusville, New Jersey 08560.

4.      JPNV is a corporation organized and existing under the laws of Belgium, having its principal place of business at Turnhoutseweg, 30, B-2340, Beerse, Belgium.

5.      On information and belief, Sandoz is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 100 College Road West, Princeton, New Jersey 08540.

6.      On information and belief, Sandoz is a pharmaceutical company that develops, manufactures, markets, and distributes pharmaceutical products, including generic pharmaceutical products, for sale in the State of Delaware and throughout the United States.

**JURISDICTION AND VENUE**

7.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 271(e)(2), including an action seeking declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

8.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

10.      This Court has personal jurisdiction over Sandoz because, *inter alia*, Sandoz is incorporated in Delaware, and because Sandoz has committed an act of patent infringement under 35 U.S.C. § 271(e)(2) and intends a future course of conduct that includes acts of patent infringement in Delaware.  These acts have led and will lead to foreseeable harm and injury to

2

Plaintiffs in Delaware.  For example, on information and belief, following approval of ANDA No. 215418, Sandoz will, directly or through its affiliates, make, use, import, sell, and/or offer for sale its proposed generic versions of JPI's Spravato® brand products in the United States, including in Delaware, prior to the latest of the expiration dates of the '844, '134, '500, and '260 Patents.

11.    Exercising personal jurisdiction over Sandoz in this District is reasonable given Sandoz's contacts in this District and the interest of this District in resolving disputes related to products to be sold herein.

12.    This Court also has personal jurisdiction over Sandoz because Sandoz has purposefully availed itself of the rights and benefits of Delaware law by engaging in systematic and continuous contacts with the State of Delaware, including by incorporating in Delaware.  On information and belief, Sandoz regularly and continuously transacts business within Delaware, either directly or through its affiliates, including by selling pharmaceutical products in Delaware. On information and belief, Sandoz derives substantial revenue from the sale of those products in Delaware and has availed itself of the privilege of conducting business within Delaware.

13.    On information and belief, Sandoz has substantial, continuous and systematic contacts with Delaware, is organized under the laws of Delaware, and has appointed a registered agent in Delaware for receipt of service of process.

14.    On information and belief, Sandoz is in the business of formulating, manufacturing, marketing, and selling generic prescription pharmaceutical drugs that it distributes in Delaware and throughout the United States.

15.    This Court also has personal jurisdiction over Sandoz because, *inter alia*, this action arises from the actions of Sandoz directed toward Delaware.  For example, Sandoz's counsel sent a letter dated April 17, 2023 to JPI stating that Sandoz had submitted ANDA

No. 215418 seeking approval to commercially manufacture, use, sell, offer for sale, and/or import its proposed generic versions of JPI's Spravato® brand products prior to the latest of the expiration dates of the '844, '134, '500, and '260 Patents.  If Sandoz succeeds in obtaining FDA approval, it would sell its proposed generic versions of JPI's Spravato® brand products in Delaware and other states, either directly or through its affiliates, causing injury to Plaintiffs in Delaware.

16.     Venue in this District is proper for Sandoz because Sandoz is incorporated under the laws of Delaware.

17.     Sandoz has conceded that venue is proper over Sandoz in patent cases in this Judicial District and has consented to or did not contest the jurisdiction of this Court in at least the following District of Delaware actions: *H. Lundbeck A/S v. Sandoz Inc.*, Civil Action No. 18-177, D.I. 9 (D. Del. Apr. 13, 2018) and *ZS Pharma, Inc. et al. v. Sandoz Inc.*, Civil Action No. 22-1101, D.I. 14 (D. Del. Aug. 22, 2022).

### THE PATENTS-IN-SUIT

18.     On December 22, 2020, the '844 Patent, titled "Methods for the Treatment of Depression" was duly and legally issued by the United States Patent & Trademark Office.  JPNV owns the '844 Patent.  A copy of the '844 Patent is attached as Exhibit A.

19.     On November 16, 2021, the '134 Patent, titled "Methods for the Treatment of Depression" was duly and legally issued by the United States Patent & Trademark Office.  JPNV owns the '134 Patent.  A copy of the '134 Patent is attached as Exhibit B.

20.     On April 26, 2022, the '500 Patent, titled "Methods for the Treatment of Depression" was duly and legally issued by the United States Patent & Trademark Office.  JPNV owns the '500 Patent.  A copy of the '500 Patent is attached as Exhibit C.

21.     On September 20, 2022, the '260 Patent, titled "Pharmaceutical Composition of S-Ketamine Hydrochloride" was duly and legally issued by the United States

Patent & Trademark Office.  JPNV owns the '260 Patent.  A copy of the '260 Patent is attached as Exhibit D.

22.    JPI holds approved NDA No. 211243 for esketamine nasal spray, which is prescribed and sold under the trademark Spravato®.

23.    Pursuant to 21 U.S.C. § 355(b)(1), the '134, '844, '500, and '260 Patents are listed in the United States FDA publication titled Approved Drug Products with Therapeutic Equivalence Evaluations (also known as the "Orange Book") as covering JPI's Spravato® brand esketamine nasal spray products.

<u>**SANDOZ'S NOTICE LETTER AND OFFER OF CONFIDENTIAL ACCESS**</u>

24.    By letter dated April 17, 2023 ("Notice Letter"), Sandoz notified Plaintiffs that it had submitted ANDA No. 215418 to the FDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)).  The Notice Letter stated that ANDA No. 215418 seeks the FDA approval necessary to engage in the commercial manufacture, use, sale, offer for sale in, and/or importation into the United States, including the State of Delaware, of generic esketamine nasal spray products prior to the expiration of certain Orange Book listed patents, including the '134, '844, '500, and '260 Patents.

25.    In the Notice Letter, Sandoz offered confidential access (Offer of Confidential Access, "OCA") to certain confidential information regarding Sandoz's proposed generic versions of JPI's Spravato® brand products.  On April 18, 2023, counsel for Plaintiffs contacted Sandoz's counsel identified on the Notice Letter in an attempt to reach agreement on the terms for confidential access to the Sandoz ANDA.  On April 24, 2023, Plaintiffs sent Sandoz's then-counsel a markup of the OCA.

26.    On April 26, 2023, Sandoz's current counsel notified Plaintiffs that they would be representing Sandoz going forward.  Despite several email reminders, Sandoz's current

counsel did not respond to Plaintiffs' proposed mark-up of the OCA until May 9, 2023.  As of the filing of this Complaint, the parties have not been able to reach an agreement on the terms of the OCA.

27.     To date, Sandoz has not provided Plaintiffs with a copy of any portions of ANDA No. 215418 or any information regarding the proposed generic versions of JPI's Spravato® brand products, beyond the information set forth in Sandoz's Notice Letter.

28.     The limited information relating to the proposed generic versions of JPI's Spravato® brand products that was provided in Sandoz's Notice Letter does not demonstrate that Sandoz's generic product, which Sandoz has asked the FDA to approve for sale in the United States, will not fall within the scope of issued claims of the patents-in-suit.

**COUNT I:**
**INFRINGEMENT OF THE '844 PATENT BY**
**SANDOZ'S ANDA FOR SPRAVATO®**

29.     Plaintiffs re-allege paragraphs 1-28 as if fully set forth herein.

30.     An actual controversy exists between the parties as to whether Sandoz's proposed sale of its generic esketamine nasal spray products infringes at least claims 1-11, 13-16, 19-30 of the '844 Patent.

31.     In its Notice Letter dated April 17, 2023, Sandoz notified Plaintiffs that it had submitted ANDA No. 215418 to the FDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)).  The Notice Letter stated that ANDA No. 215418 seeks the FDA approval necessary to engage in the commercial manufacture, use, sale, offer for sale in, and/or importation into the United States, including the State of Delaware, of generic esketamine nasal spray products prior to the expiration of certain Orange Book listed patents.  Upon information and belief, ANDA No. 215418 specifically seeks FDA approval to market generic

6

versions of JPI's Spravato® brand esketamine nasal spray products in one or more doses prior to the expiration of the '844 Patent.

32.     Upon information and belief, ANDA No. 215418 includes a Paragraph IV Certification that the claims of the '844 Patent are invalid, unenforceable, and/or not infringed.

33.     Upon information and belief, the Sandoz Notice Letter was sent to Plaintiffs via overnight mail no earlier than April 17, 2023. The Sandoz Notice Letter was subsequently received by Plaintiffs, and Plaintiffs are commencing this action within 45 days of the date of receipt of Sandoz's Notice Letter.

34.     Sandoz's Notice Letter purports to include a Notice of Certification for ANDA No. 215418 under 21 C.F.R. § 314.95(c)(6) as to the '844 Patent.  The Notice Letter did not include a detailed statement of allegations of non-infringement as to any claims of the '844 Patent.

35.     Sandoz has actual knowledge of the '844 Patent, as shown by the Notice Letter.

36.     On information and belief, Sandoz's proposed generic versions of JPI's Spravato® brand products, if approved and marketed, will infringe, either literally or under the doctrine of equivalents, at least claims 1-11, 13-16, 19-30 of the '844 Patent under at least one of 35 U.S.C. § 271(a), (b), and/or (c).

37.     On information and belief, under 35 U.S.C. § 271(e)(2)(A), Sandoz has infringed at least claims 1-11, 13-16, 19-30 of the '844 Patent by submitting, or causing to be submitted, to the FDA ANDA No. 215418 seeking approval to manufacture, use, import, offer to sell or sell Sandoz's proposed generic versions of Janssen's Spravato® brand products before the expiration date of the '844 Patent.  Upon information and belief, the products described in ANDA

No. 215418 would infringe, either literally or under the doctrine of equivalents, at least claims 1-11, 13-16, 19-30 of the '844 Patent under 35 U.S.C. § 271(e)(2)(A).

38.     On information and belief, physicians and/or patients will directly infringe at least claims 1-11, 13-16, 19-30 the '844 Patent by use of Sandoz's proposed generic versions of Janssen's Spravato® brand products upon approval.

39.     On information and belief, upon approval, Sandoz will take active steps to encourage the use of Sandoz's proposed generic versions of Janssen's Spravato® brand products by physicians and/or patients with the knowledge and intent that Sandoz's generic products will be used by physicians and/or patients in a manner that infringes at least claims 1-11, 13-16, 19-30 of the '844 Patent, for the pecuniary benefit of Sandoz. Pursuant to 21 C.F.R. § 314.94, Sandoz is required to copy the FDA-approved Spravato® labeling, with limited exceptions. The use of Spravato® according to its approved labeling meets the elements of at least claims 1-11, 13-16, 19-30 of the '844 Patent. On information and belief, Sandoz specifically intends its generic esketamine nasal spray products to be used according to its proposed labeling in a manner that infringes at least claims 1-11, 13-16, 19-30 of the '844 Patent. Upon information and belief, Sandoz will thus induce the infringement of at least claims 1-11, 13-16, 19-30 of the '844 Patent.

40.     On information and belief, if the FDA approves ANDA No. 215418, Sandoz will sell or offer to sell its proposed generic products specifically labeled for use in practicing at least claims 1-11, 13-16, 19-30 the '844 Patent, wherein Sandoz's proposed generic products are a material part of the claimed invention, wherein Sandoz knows that physicians will prescribe and patients will use Sandoz's proposed generic products in accordance with the instructions and/or label provided by Sandoz in practicing at least claims 1-11, 13-16, 19-30 of the '844 Patent, and wherein Sandoz's generic esketamine nasal spray products are not staple articles or commodities

of commerce suitable for substantial non-infringing use.  Sandoz's proposed generic esketamine nasal spray products are specifically designed for use in a manner that infringes at least claims 1-11, 13-16, 19-30 of the '844 Patent.  On information and belief, Sandoz will thus contribute to the infringement of the '844 Patent.

41.    On information and belief, the actions described in this Complaint relating to Sandoz's ANDA No. 215418 were done by and for the benefit of Sandoz.

42.    Plaintiffs will be irreparably harmed by Sandoz's infringing activities unless those activities are enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

43.    This case is an exceptional one, and Plaintiffs are entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

**COUNT II:**
**INFRINGEMENT OF THE '134 PATENT BY**
**SANDOZ'S ANDA FOR SPRAVATO®**

44.    Plaintiffs re-allege paragraphs 1-28 as if fully set forth herein.

45.    An actual controversy exists between the parties as to whether Sandoz's proposed sale of its generic esketamine nasal spray products infringes claims 1-30 of the '134 Patent.

46.    By its Notice Letter dated April 17, 2023, Sandoz notified Plaintiffs that it had submitted ANDA No. 215418 to the FDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)).  The Notice Letter stated that ANDA No. 215418 seeks the FDA approval necessary to engage in the commercial manufacture, use, sale, offer for sale in, and/or importation into the United States, including the State of Delaware, of generic esketamine nasal spray products prior to the expiration of certain Orange Book listed patents.  Upon information and belief, ANDA No. 215418 specifically seeks FDA approval to market generic

versions of JPI's Spravato® brand esketamine nasal spray products in one or more doses prior to the expiration of the '134 Patent.

47.    Upon information and belief, ANDA No. 215418 includes a Paragraph IV Certification that the claims of the '134 Patent are invalid, unenforceable, and/or not infringed.

48.    Upon information and belief, Sandoz's Notice Letter was sent to Plaintiffs via overnight mail no earlier than April 17, 2023.

49.    The Notice Letter was subsequently received by Plaintiffs, and Plaintiffs are commencing this action within 45 days of the date of receipt of Sandoz's Notice Letter.

50.    The Notice Letter purports to include a Notice of Certification for ANDA No. 215418 under 21 C.F.R. § 314.95(c)(6) as to the '134 Patent.  The Sandoz Notice Letter did not include a detailed statement of allegations of non-infringement as to any claims of the '134 Patent.

51.    Sandoz has actual knowledge of the '134 Patent, as shown by the Sandoz Notice Letter.

52.    On information and belief, Sandoz's proposed generic versions of JPI's Spravato® brand products, if approved and marketed, will infringe, either literally or under the doctrine of equivalents, claims 1-30 of the '134 Patent under at least one of 35 U.S.C. § 271(a), (b), and/or (c).

53.    On information and belief, under 35 U.S.C. § 271(e)(2)(A), Sandoz has infringed claims 1-30 of the '134 Patent by submitting, or causing to be submitted, to the FDA ANDA No. 215418 seeking approval to manufacture, use, import, offer to sell or sell Sandoz's proposed generic versions of Janssen's Spravato® brand products before the expiration date of the '134 Patent.  Upon information and belief, the products described in ANDA No. 215418 would

infringe, either literally or under the doctrine of equivalents, claims 1-30 of the '134 Patent under 35 U.S.C. § 271(e)(2)(A).

54.    On information and belief, physicians and/or patients will directly infringe claims 1-30 of the '134 Patent by use of Sandoz's proposed generic versions of Janssen's Spravato® brand products upon approval.

55.    On information and belief, upon approval, Sandoz will take active steps to encourage the use of Sandoz's proposed generic versions of Janssen's Spravato® brand products by physicians and/or patients with the knowledge and intent that Sandoz's generic products will be used by physicians and/or patients in a manner that infringes claims 1-30 of the '134 Patent, for the pecuniary benefit of Sandoz.  Pursuant to 21 C.F.R. § 314.94, Sandoz is required to copy the FDA-approved Spravato® labeling, with limited exceptions.  The use of Spravato® according to its approved labeling meets the elements of claims 1-30 of the '134 Patent.  On information and belief, Sandoz specifically intends its generic esketamine nasal spray products to be used according to its proposed labeling in a manner that infringes claims 1-30 of the '134 Patent.  Upon information and belief, Sandoz will thus induce the infringement of claims 1-30 of the '134 Patent.

56.    On information and belief, if the FDA approves ANDA No. 215418, Sandoz will sell or offer to sell its proposed generic products specifically labeled for use in practicing claims 1-30 of the '134 Patent, wherein Sandoz's proposed generic products are a material part of the claimed invention, wherein Sandoz knows that physicians will prescribe and patients will use Sandoz's proposed generic products in accordance with the instructions and/or label provided by Sandoz in practicing claims 1-30 of the '134 Patent, and wherein Sandoz's generic esketamine nasal spray products are not staple articles or commodities of commerce suitable for substantial non-infringing use.  Sandoz's proposed generic esketamine nasal spray products are specifically

designed for use in a manner that infringes claims 1-30 of the '134 Patent. On information and belief, Sandoz will thus contribute to the infringement of the '134 Patent.

57. On information and belief, the actions described in this Complaint relating to Sandoz's ANDA No. 215418 were done by and for the benefit of Sandoz.

58. Plaintiffs will be irreparably harmed by Sandoz's infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

59. This case is an exceptional one, and Plaintiffs are entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

**COUNT III:**
**INFRINGEMENT OF THE '500 PATENT BY**
**SANDOZ'S ANDA FOR SPRAVATO®**

60. Plaintiffs re-allege paragraphs 1-28 as if fully set forth herein.

61. An actual controversy exists between the parties as to whether Sandoz's proposed sale of its generic esketamine nasal spray products infringes claims 1-22 of the '500 Patent.

62. By its Notice Letter dated April 17, 2023, Sandoz notified Plaintiffs that it had submitted ANDA No. 215418 to the FDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)). The Notice Letter stated that ANDA No. 215418 seeks the FDA approval necessary to engage in the commercial manufacture, use, sale, offer for sale in, and/or importation into the United States, including the State of Delaware, of generic esketamine nasal spray products prior to the expiration of certain Orange Book listed patents. Upon information and belief, ANDA No. 215418 specifically seeks FDA approval to market generic versions of JPI's Spravato® brand esketamine nasal spray products in one or more doses prior to the expiration of the '500 Patent.

12

63. Upon information and belief, ANDA No. 215418 includes a Paragraph IV Certification that the claims of the '500 Patent are invalid, unenforceable, and/or not infringed.

64. Upon information and belief, Sandoz's Notice Letter was sent to Plaintiffs via overnight mail no earlier than April 17, 2023.

65. The Notice Letter was subsequently received by Plaintiffs, and Plaintiffs are commencing this action within 45 days of the date of receipt of Sandoz's Notice Letter.

66. The Notice Letter purports to include a Notice of Certification for ANDA No. 215418 under 21 C.F.R. § 314.95(c)(6) as to the '500 Patent. The Notice Letter did not include a detailed statement of allegations of non-infringement as to any claims of the '500 Patent.

67. Sandoz has actual knowledge of the '500 Patent, as shown by the Notice Letter.

68. On information and belief, Sandoz's proposed generic versions of JPI's Spravato® brand products, if approved and marketed, will infringe, either literally or under the doctrine of equivalents, claims 1-22 of the '500 Patent under at least one of 35 U.S.C. § 271(a), (b), and/or (c).

69. On information and belief, under 35 U.S.C. § 271(e)(2)(A), Sandoz has infringed claims 1-22 of the '500 Patent by submitting, or causing to be submitted, to the FDA ANDA No. 215418 seeking approval to manufacture, use, import, offer to sell or sell Sandoz's proposed generic versions of Janssen's Spravato® brand products before the expiration date of the '500 Patent. Upon information and belief, the products described in ANDA No. 215418 would infringe, either literally or under the doctrine of equivalents, claims 1-22 of the '500 Patent under 35 U.S.C. § 271(e)(2)(A).

70. On information and belief, physicians and/or patients will directly infringe claims 1-22 of the '500 Patent by use of Sandoz's proposed generic versions of Janssen's Spravato® brand products upon approval.

71. On information and belief, upon approval, Sandoz will take active steps to encourage the use of Sandoz's proposed generic versions of Janssen's Spravato® brand products by physicians and/or patients with the knowledge and intent that Sandoz's generic products will be used by physicians and/or patients in a manner that infringes claims 1-22 of the '500 Patent, for the pecuniary benefit of Sandoz. Pursuant to 21 C.F.R. § 314.94, Sandoz is required to copy the FDA-approved Spravato® labeling, with limited exceptions. The use of Spravato® according to its approved labeling meets the elements of claims 1-22 of the '500 Patent. On information and belief, Sandoz specifically intends its generic esketamine nasal spray products to be used according to its proposed labeling in a manner that infringes claims 1-22 of the '500 Patent. Upon information and belief, Sandoz will thus induce the infringement of claims 1-22 of the '500 Patent.

72. On information and belief, if the FDA approves ANDA No. 215418, Sandoz will sell or offer to sell its proposed generic products specifically labeled for use in practicing claims 1-22 of the '500 Patent, wherein Sandoz's proposed generic products are a material part of the claimed invention, wherein Sandoz knows that physicians will prescribe and patients will use Sandoz's proposed generic products in accordance with the instructions and/or label provided by Sandoz in practicing claims 1-22 of the '500 Patent, and wherein Sandoz's generic esketamine nasal spray products are not staple articles or commodities of commerce suitable for substantial non-infringing use. On information and belief, Sandoz's proposed generic esketamine nasal spray products are specifically designed for use in a manner that infringes claims 1-22 of the '500 Patent. On information and belief, Sandoz will thus contribute to the infringement of the '500 Patent.

73.    On information and belief, the actions described in this Complaint relating to Sandoz's ANDA No. 215418 were done by and for the benefit of Sandoz.

74.    Plaintiffs will be irreparably harmed by Sandoz's infringing activities unless those activities are enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

75.    This case is an exceptional one, and Plaintiffs are entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT IV:
## INFRINGEMENT OF THE '260 PATENT BY
## SANDOZ'S ANDA FOR SPRAVATO®

76.    Plaintiffs re-allege paragraphs 1-28 as if fully set forth herein.

77.    An actual controversy exists between the parties as to whether Sandoz's proposed sale of its generic esketamine nasal spray products infringes at least claims 1-3, 6-19, 22, 25-26, 31-43, 46-58, 61, 64-65, 70-75 of the '260 Patent.

78.    By its Notice Letter dated April 17, 2023, Sandoz notified Plaintiffs that it had submitted ANDA No. 215418 to the FDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)).  The Notice Letter stated that ANDA No. 215418 seeks the FDA approval necessary to engage in the commercial manufacture, use, sale, offer for sale in, and/or importation into the United States, including the State of Delaware, of generic esketamine nasal spray products prior to the expiration of certain Orange Book listed patents.  Upon information and belief, ANDA No. 215418 specifically seeks FDA approval to market generic versions of JPI's Spravato® brand esketamine nasal spray products in one or more doses prior to the expiration of the '260 Patent.

79.    Upon information and belief, ANDA No. 215418 includes a Paragraph IV Certification that the claims of the '260 Patent are invalid, unenforceable, and/or not infringed.

15

80.     Upon information and belief, Sandoz's Notice Letter was sent to Plaintiffs via overnight mail no earlier than April 17, 2023.

81.     The Notice Letter was subsequently received by Plaintiffs, and Plaintiffs are commencing this action within 45 days of the date of receipt of Sandoz's Notice Letter.

82.     The Notice Letter purports to include a Notice of Certification for ANDA No. 215418 under 21 C.F.R. § 314.95(c)(6) as to the '260 Patent.  The Notice Letter did not include a detailed statement of allegations of non-infringement as to any claims of the '260 Patent.

83.     Sandoz has actual knowledge of the '260 Patent, as shown by the Notice Letter.

84.     On information and belief, Sandoz's proposed generic versions of JPI's Spravato® brand products, if approved and marketed, will infringe, either literally or under the doctrine of equivalents, at least claims 1-3, 6-19, 22, 25-26, 31-43, 46-58, 61, 64-65, 70-75 of the '260 Patent under at least one of 35 U.S.C. § 271(a), (b), and/or (c).

85.     On information and belief, under 35 U.S.C. § 271(e)(2)(A), Sandoz has infringed at least claims 1-3, 6-19, 22, 25-26, 31-43, 46-58, 61, 64-65, 70-75 of the '260 Patent by submitting, or causing to be submitted, to the FDA ANDA No. 215418 seeking approval to manufacture, use, import, offer to sell or sell Sandoz's proposed generic versions of Janssen's Spravato® brand products before the expiration date of the '260 Patent.  Upon information and belief, the products described in ANDA No. 215418 would infringe, either literally or under the doctrine of equivalents, at least claims 1-3, 6-19, 22, 25-26, 31-43, 46-58, 61, 64-65, 70-75 of the '260 Patent under 35 U.S.C. § 271(e)(2)(A).

86. On information and belief, physicians and/or patients will directly infringe at least claims 1-3, 6-19, 22, 25-26, 31-43, 46-58, 61, 64-65, 70-75 of the '260 Patent by use of Sandoz's proposed generic versions of Janssen's Spravato® brand products upon approval.

87. On information and belief, upon approval, Sandoz will take active steps to encourage the use of Sandoz's proposed generic versions of Janssen's Spravato® brand products by physicians and/or patients with the knowledge and intent that Sandoz's generic products will be used by physicians and/or patients in a manner that infringes at least claims 1-3, 6-19, 22, 25-26, 31-43, 46-58, 61, 64-65, 70-75 of the '260 Patent, for the pecuniary benefit of Sandoz. Pursuant to 21 C.F.R. § 314.94, Sandoz is required to copy the FDA-approved Spravato® labeling, with limited exceptions. The use of Spravato® according to its approved labeling meets the elements of at least claims 1-3, 6-19, 22, 25-26, 31-43, 46-58, 61, 64-65, 70-75 of the '260 Patent. On information and belief, Sandoz specifically intends its generic esketamine nasal spray products to be used according to its proposed labeling in a manner that infringes at least claims 1-3, 6-19, 22, 25-26, 31-43, 46-58, 61, 64-65, 70-75 of the '260 Patent. Upon information and belief, Sandoz will thus induce the infringement of at least claims 1-3, 6-19, 22, 25-26, 31-43, 46-58, 61, 64-65, 70-75 of the '260 Patent.

88. On information and belief, if the FDA approves ANDA No. 215418, Sandoz will sell or offer to sell its proposed generic products specifically labeled for use in practicing at least claims 1-3, 6-19, 22, 25-26, 31-43, 46-58, 61, 64-65, 70-75 of the '260 Patent, wherein Sandoz's proposed generic products are a material part of the claimed invention, wherein Sandoz knows that physicians will prescribe and patients will use Sandoz's proposed generic products in accordance with the instructions and/or label provided by Sandoz in practicing at least claims 1-3, 6-19, 22, 25-26, 31-43, 46-58, 61, 64-65, 70-75 of the '260 Patent, and wherein Sandoz's generic

esketamine nasal spray products are not staple articles or commodities of commerce suitable for substantial non-infringing use. Sandoz's proposed generic esketamine nasal spray products are specifically designed for use in a manner that infringes at least claims 1-3, 6-19, 22, 25-26, 31-43, 46-58, 61, 64-65, 70-75 of the '260 Patent. On information and belief, Sandoz will thus contribute to the infringement of the '260 Patent.

89.     On information and belief, the actions described in this Complaint relating to Sandoz's ANDA No. 215418 were done by and for the benefit of Sandoz.

90.     Plaintiffs will be irreparably harmed by Sandoz's infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

91.     This case is an exceptional one, and Plaintiffs are entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray for the following relief:

A.     Enter judgment under 35 U.S.C. § 271(e)(2)(A) that Sandoz has infringed at least one claim of the '844, '134, '500, and '260 Patents through Sandoz's submission of ANDA No. 215418 to the FDA to obtain approval to manufacture, use, import, offer to sell, and sell Sandoz's proposed generic versions of JPI's Spravato® brand products identified in this Complaint in the United States before the latest of the expiration dates of the '844, '134, '500, and '260 Patents;

B.     Enter judgment under 35 U.S.C. § 271(a), (b), and/or (c) that Sandoz's commercial manufacture use, offer for sale, or sale within the United States, or importation into the United States of Sandoz's proposed generic versions of JPI's Spravato® brand products identified in this Complaint, prior to the latest of the expiration dates of the '844, '134, '500, and

'260 Patents, constitutes infringement of one or more claims of the '844, '134, '500, and '260 Patents under 35 U.S.C. § 271(a), (b), or (c);

C.      Order pursuant to 35 U.S.C. § 271(e)(4)(A) that the effective date of any approval of ANDA No. 215418 be a date that is not earlier than the latest of the expiration dates of the '844, '134, '500, and '260 Patents, or such later date as the Court may determine;

D.      Order that Sandoz, its affiliates, officers, agents, servants, and employees, and those persons in active concert or participation with Sandoz, are preliminarily and permanently enjoined from commercially manufacturing, using, importing, offering for sale, and selling Sandoz's proposed generic versions of JPI's Spravato® brand products identified in this Complaint, and any other product that infringes or contributes to the infringement of the '844, '134, '500, and '260 Patents, prior to the latest of the expiration dates of the '844, '134, '500, and '260 Patents, or such later date as the Court may determine;

E.      If Sandoz engages in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the proposed generic versions of JPI's Spravato® brand products identified in this Complaint prior to the latest of the expiration dates of the '844, '134, '500, and '260 Patents, a Judgment awarding damages to Plaintiffs resulting from such infringement with interest;

F.      Declare this to be an exceptional case under 35 U.S.C. §§ 285 and 271(e)(4) and award Plaintiffs their costs, expenses, and disbursements in this action, including reasonable attorneys' fees; and

G.      Award such further and other relief that the Court deems proper and just.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

OF COUNSEL:

Barbara L. Mullin
Aron Fischer
Andrew D. Cohen
Lachlan Campbell-Verduyn
Zhiqiang Liu
Jay J. Cho
Shelli Gimelstein
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY  10036-6710
(212) 336-2000

May 31, 2023

*Attorneys for Plaintiffs Janssen*
*Pharmaceuticals, Inc. and Janssen*
*Pharmaceutica NV*